IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| K.H. AND S.H., AS NEXT FRIENDS OF R.H., A MINOR, § § § | | |
| *Plaintiffs*, § § | | |
| V. § § | NO. | 5:19-CV-1412 |
| GRAEME HOWE; CAMP STEWART FOR BOYS, INC.; AND AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A CAMP AMERICA § § § § § | | |
| *Defendants*. § § | | |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs K.H. and S.H., as Next Friends of R.H, a minor, and complain of Defendants Graeme Howe, Camp Stewart for Boys, Inc., and American Institute for Foreign Study, Inc., d/b/a Camp America, as follows:

#### A.   Parties

1.   Plaintiffs K.H. and S.H., as Next Friends of R.H, a minor, are residents of Dallas, Dallas County, Texas.[1]

2.   Defendant, Graeme Howe, is an individual and citizen of the United Kingdom of Great Britain and Northern Ireland. Pursuant to Fed. R. Civ. P. 4 and the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters,

---

[1] Plaintiffs have used initials in order to protect the minor's rights to privacy. *See* FED. R. CIV. P. 5.2(a)(3); *see Villanueva ex. rel. M.V. v. San Marcos Consol. I.S.D.*, 2006 WL 2591082, at n. 1 (W.D. Tex. 2006) ("Because M.V. is a minor, the Court, pursuant to this District's privacy policy, will use only the initials of M.V.").

20 U.S.T. § 361, the Scottish Government Justice Directorate, Central Authority & International Law Team, St. Andrew's House (GW15), Edinburgh EH1 3dG, Scotland, UK, Telephone +44 (131) 244 4829, may receive service of citation and Plaintiff's Complaint filed in this matter, and it may forward said documents to Defendant Graeme Howe at 15 Foyers Terrace, Springburn, Glasgow G21 4NF, or wherever he may be found.

3.  Defendant Camp Stewart for Boys, Inc., is incorporated under the laws of the State of Texas. Defendant has its principal place of business in Texas. Defendant may be served with process by serving its registered agent Silas B. Ragsdale, Jr. at 612 FM 1340, Hunt, Texas 78024-3024, or wherever he may be found.

4.  Defendant, American Institute for Foreign Study, Inc. d/b/a Camp America ("Camp America"), is incorporated under the laws of the State of Delaware. Defendant has its corporate headquarters in Connecticut. Defendant may be served with process by serving its registered agent Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

### B. Jurisdiction

5.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 for the causes of action asserted against Defendant Howe pursuant to 18 U.S.C. §§ 2241(c), 2255(a). Because the state law causes of action asserted against the other Defendants arise out of the same operative facts, this Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367(a).

### C. Venue

6. Venue is proper in this district because this civil action is brought where a defendant may be found and a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* 28 U.S.C. § 1391(b).

### D. Facts

7. R.H. attended Camp Stewart during the summer of 2013. He was assigned to a cabin in which Graeme Howe was a counselor. During his time at Camp Stewart, R.H. was sexually abused by Howe on several occasions. Howe violated and assaulted R.H. by making inappropriate contact with R.H. by forcing him to perform sexual acts.

8. R.H. was 11 years-old at the time of these assaults. Since that time, R.H. has experienced increasing anxiety and depression, culminating in recent PTSD, clinical depression, academic problems, and suicidal ideation. R.H. has been struggling with depression and psychological trauma as a result of Howe's sexual abuse since 2013.

9. Graeme Howe was sent to Camp Stewart through Camp America, a for-profit program operated by the American Institute for Foreign Study. Camp America is a corporation that specializes in finding foreign individuals who wish to work as camp counselors and matching them with camps in the United States that need counselors. Howe was an employee of Camp Stewart at the time of his sexual assaults of R.H.

### E. Causes of Action Against Defendant Howe

**Section 2241(c)**

10. Defendant Howe sexually assaulted R.H. By crossing a state line with intent to engage in a sexual act with a minor under age 12, Howe violated 18 U.S.C. § 2241(c). Plaintiffs are granted a private right to bring this cause of action pursuant to 18 U.S.C. §2255(a). That

private cause of action entitles the minor Plaintiff to recover actual damages, which are presumed to be no less than $150,000, and reasonable attorney's fees.

### Sexual Assault and Battery

11. Defendant Howe intentionally, knowingly and recklessly made inappropriate sexual contact with the minor Plaintiff and caused him injury. Defendant Howe also committed battery, which is the offensive touching of the minor Plaintiff. For those reasons, the minor Plaintiff is entitled to recover actual damages, including past and future mental anguish, and exemplary damages.

### Intentional Infliction of Emotional Distress

12. Defendant Howe's conduct in sexually assaulting, sexually molesting, and sexually abusing the minor Plaintiff was extreme and outrageous, it was done intentionally or recklessly, and it proximately caused the minor Plaintiff severe emotional distress. Defendant Howe's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized society. Defendant Howe's intentional infliction of emotional distress was the proximate cause of the minor Plaintiff's actual damages, and also entitles the minor Plaintiffs o exemplary damages.

### F.   Causes of Action against Camp Stewart

### Negligence Claims Based on Hiring or Supervising Employees

13. Defendant Camp Stewart for Boys breached its duty to use ordinary care in hiring and supervising its employees, including Defendant Howe. Defendant Camp Stewart for Boys failed to take reasonable steps to independently investigate Defendant Howe' background relying instead on Defendant Camp America to do the work. Evidence shows Camp America apparently

also failed to conduct any independent investigation of Defendant Howe, relying instead on unidentified third parties. Plaintiffs suffered damages as a result of this breach of duty.

### Negligence

14. Defendants Camp Stewart for Boys and Camp America were negligent in hiring, supervising, training and retaining Howe as a camp counselor at Camp Stewart for Boys. Further, Defendants are liable for failing to warn the minors and their parents about the foreseeable risks of sexual abuse. Moreover, Defendants failed to prevent sexual abuse against R.H. and similarly situated campers. Defendants' negligence was a proximate cause of Plaintiffs' actual damages. And, because the Defendants were guilty of gross negligence or malice, Plaintiffs are entitled to exemplary damages.

### Breach of Fiduciary Duty/Aiding and Abetting

15. Because of being in loco parentis to R.H., Camp Stewart for Boys owed a fiduciary duty to Plaintiffs. Not only is that a formal fiduciary relationship, but the parties also had an informal fiduciary duty arising from the extreme trust and confidence reposed in the safety and security of the overnight camp. Camp Stewart for Boys breached its fiduciary duty by failing to put the interests of Plaintiffs ahead of its own and by failing to disclose all material facts to R.H. and Plaintiffs. Camp America is liable for aiding and abetting Camp Stewart for Boys' breach of fiduciary duties. Camp Stewart for Boys' breach of fiduciary duties caused the minor Plaintiff to suffer actual damages, for which the Defendants are liable. The minor Plaintiff is also entitled to recover exemplary damages and equitable remedies, including disgorgement of fees.

### E. CAUSE OF ACTION AGAINST CAMP AMERICA

**Negligence**

16. Defendant Camp America was negligent and breached its duty to use reasonable care in the screening of its applicants and recommending them for placement with U.S. camps like Camp Stewart. Defendant Camp America owed the Plaintiffs the duty to use reasonable care in selecting, interviewing, vetting and screening candidates to their program. Defendants Camp Stewart for Boys and Camp America were negligent in hiring, supervising, training and retaining Howe as a camp counselor at Camp Stewart for Boys. Further, Defendants are liable for failing to warn the minors and their parents about the foreseeable risks of sexual abuse. Moreover, Defendants failed to prevent sexual abuse against R.H. and similarly situated campers. Defendants' negligence was a proximate cause of Plaintiffs' actual damages. And, because the Defendants were guilty of gross negligence or malice, Plaintiffs are entitled to exemplary damages.

**Breach of Fiduciary Duty/Aiding and Abetting**

17. Because of being in loco parentis to R.H., Camp America owed a fiduciary duty to Plaintiffs. Not only is that a formal fiduciary relationship, but the parties also had an informal fiduciary duty arising from the extreme trust and confidence reposed in the safety and security of the overnight camp. Camp America breached its fiduciary duty by failing to put the interests of Plaintiffs ahead of its own and by failing to disclose all material facts to R.H. and Plaintiffs. Camp America is liable for aiding and abetting Camp Stewart for Boys' breach of fiduciary duties. Camp America's breach of fiduciary duties caused the minor Plaintiff to suffer actual damages, for which the Defendants are liable. The minor Plaintiff is also entitled to recover exemplary damages and equitable remedies, including disgorgement of fees.

## G. Damages

18. As a direct and proximate result of Defendants' conduct, as set forth above, minor Plaintiff is entitled to recover damages from the Defendants as follows:

a. mental anguish in the past and future;

b. pain and suffering in the past and future;

c. medical expenses in the past and future;

d. physical impairment in the past and future;

e. exemplary damages, without limitation on the dollar amount of exemplary damages, *see* Tex. Civ. Prac. & Rem. Code §41.008(c)(5)(6);

f. reasonable and necessary attorney's fees;

g. prejudgment and post judgment interest;

h. costs of court;

i. such other relief, at law and in equity, to which Plaintiff shall be entitled.

Respectfully submitted,

SAWICKI LAW

*/s/ Michael G. Sawicki*

**MICHAEL G. SAWICKI**
State Bar No. 17692500
msawicki@sawickilawfirm.com
**ANDREW A. JONES**
State Bar of No. 24077910
ajones@sawickilawfirm.com
6116 N. Central Expressway, Ste. 1400
Dallas, Texas 75206
(214) 468-8844
(214) 468-8845 (Fax)

**ATTORNEYS FOR PLAINTIFFS**