UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


K.H., AS NEXT FRIEND OF R.H. A
MINOR; AND S.H., AS NEXT FRIEND
OF R.H., A MINOR;

          **Plaintiffs,**                       No.  SA-19-CV-01412-JKP

v.

GRAEME HOWE,  CAMP STEWART
FOR BOYS INC.,  AMERICAN INSTI-
TUTE FOR FOREIGN STUDY, INC.,

          **Defendants.**


### MEMORANDUM OPINION and ORDER

Before the Court is Defendant Graeme Howe's motion to dismiss pursuant to Federal Rule 12(b)(6) and Plaintiffs' Response. *ECF Nos. Nos. 29, 30, 32*. Upon consideration, the motion is DENIED.


### Undisputed Factual Background

Plaintiffs filed their Original Complaint on December 5, 2019. *ECF No. 1*. Following discussions of the parties' counsel regarding alleged pleading deficiencies, Plaintiffs filed the First Amended Complaint. *ECF No. 28*. Defendant Graeme Howe now moves to dismiss the causes of action asserted against him for failure to state a claim upon which relief may be granted pursuant to Federal Rule 12(b)(6).

This action arises from a series of alleged sexual assaults of R.H. while he attended a summer camp, Camp Stewart. R.H. was an 11-year-old minor at the time of the alleged incidents, and Howe, a resident and citizen of Scotland, worked as a camp counselor. Howe was an employee of Camp Stewart, but was sent by Camp America, a for-profit program that specialized in finding foreign individuals who wish to work as camp counselors and matching them with camps in the United States.

**Allegations**

In the First Amended Complaint, Plaintiffs allege Howe engaged in actions to groom R.H., and in June 2013 lured R.H. to a cabin alone where he forced R.H. to perform a sexual act. This sexual abuse continued on multiple occasions during R.H.'s time at Camp Stewart. Plaintiffs allege that since the summer of 2013, R.H. experienced anxiety, clinical depression, PTSD, suicidal ideation and academic problems and continues to struggle with this psychological trauma.

Plaintiffs assert two causes of action against Defendant Howe. First, Plaintiffs assert Howe violated criminal statute 18 U.S.C. § 2241(c) ("the 2241 cause of action") by crossing a state line with intent to engage in a sexual act with a minor under the age of 12. The private cause of action provided under 18 U.S.C. § 2255(a) entitles a minor plaintiff to recover actual damages and reasonable attorney fees for violation of Section 2241(c). Second, Plaintiffs assert a state-law cause of action against Howe for sexual assault and battery for which R.H. is entitled to recover actual damages, including past and future mental anguish and exemplary damages.[1]

---

[1] Against Camp Stewart and Camp America, Plaintiffs assert causes of action for negligent hiring, supervision, training and retaining Howe, gross negligence and breach of fiduciary duty.

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds up-on which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed.R.Civ.P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

A court addressing a motion under Federal Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, when ruling on a motion to dis-miss, courts "construe the complaint in the light most favorable to the plaintiff and draw all rea-sonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

**Analysis**

Howe contends the 2241 cause of action should be dismissed because "Plaintiffs do not allege sufficient facts to plausibly show he crossed state lines with the intent to engage in a sexual act and Plaintiffs plead only in a conclusory fashion any intent to engage in a sexual act specifically with a person under age 12." While the intent element may be averred generally, Howe alleges it may not be pleaded in conclusory form. Because Plaintiffs failed to specifically plead Howe possessed intent to engage in a sexual act when he crossed state lines and failed to specifically plead any intent was to engage in a sexual act with someone younger than 12, this cause of action should be dismissed for failure to state a claim. Finally, because the 2241 cause of action should be dismissed, Howe asserts this Court should exercise its discretion under 28 U.S.C § 1367 and dismiss the state-law sexual assault and battery cause of action.

Criminal statute, 18 U.S.C. § 2241(c), provides, in relevant part:

Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . shall be fined under this title and imprisoned for not less than 30 years or for life.

18 USC § 2241(c).

Plaintiffs plead the following facts: (1) Howe travelled from Scotland to work as a camp counselor for boys under age 12 and knew he would have access to young boys when he sought this work; (2) Howe engaged in grooming conduct of R.H. shortly after the first camp session began; (3) Howe sexually assaulted R.H. during the first camp session after he developed an intimate relationship and gained R.H.'s confidence; (4) R.H. was 11 years old at the time of the alleged assault.

Howe's argument rests upon the fact that Plaintiffs did not specifically state in the First Amended Complaint that Howe possessed the requisite intent at the time he crossed state lines.

Howe's argument conflates Plaintiffs' pleading requirements under Federal Rule 12(b)(6) and their burden "to show" or prove the elements of the alleged cause of action at trial. To satisfy Federal Rule 12(b)(6) at this stage, Plaintiffs do not need "to plausibly show" Howe crossed state lines with the requisite intent. Plaintiffs need only to provide Howe with fair notice of what the asserted claim is and the grounds upon which it rests. *See* Fed.R.Civ.P. 8(a)(2); *Twombly*, 550 U.S. at 555. Plaintiffs need only plead enough facts to allow the court to draw the reasonable inference that Howe is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. at 678.

Construing these facts plead in the light most favorable to Plaintiffs, they assert facts to support each element of the criminal offense and cause of action alleged, and therefore, allege enough facts to support a private cause of action for violation of Section 2241(c). The fact that Howe knew he would have access to young boys when he accepted the employment and began predatory behavior soon after the first camp session began is sufficient to allow the court to draw the reasonable inference that he is liable for the misconduct alleged and possessed the requisite intent. Plaintiffs sufficiently provided fair notice of what their cause of action is and the grounds upon which it rests. Howe clearly knows the grounds upon which the cause of action rests based upon his arguments in the Motion to Dismiss; however, he attempts to dismiss the action on a pleading technicality. Finally, the face of the First Amended Complaint shows no bar to the requested relief to qualify for dismissal under Federal Rule 12(b)(6). *See Clark v. Amoco Prod. Co.,* 794 F.2d at 970.

Plaintiffs plead sufficient facts to satisfy Federal Rule 12(b)(6) with regard to the 2241 cause of action. Because this Court finds Howe's arguments for dismissal of the 2241 cause of action are without merit, his second argument for dismissal of the state-law cause of action is also without merit and will not be specifically addressed.

**Conclusion**

For the reasons stated, Howe's Motion to Dismiss the causes of action asserted against

him for failure to state a claim upon which relief may be granted is DENIED.

It is so ORDERED.
SIGNED this 3rd day of November, 2020.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE