IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| K.H. AND S.H., AS NEXT FRIENDS OF R.H., A MINOR, | § § § | |
| *Plaintiffs*, | § § § | |
| V. | § § | NO. 5-19-CV-01412-JKP |
| GRAEME HOWE; CAMP STEWART FOR BOYS, INC.; AND AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A CAMP AMERICA | § § § § § § | |
| *Defendants*. | § | |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

COMES NOW, Plaintiffs, and file this *Motion for Protective Order,* and would respectfully show the Court as follows:

### ACTION REQUESTED

1. In this sexual assault case, Defendant Howe attempts to invade the personal and intimate life of his victim, R.H, through exceptionally invasive interrogatories and request for production.[1] This invasion is not limited to R.H. but extends to S.H. and K.H., R.H.'s parents and next friend herein. Lacking any basis to support such inquiries and contrary to well-established law, Defendant

---

[1] Exhibit "A" – Plaintiff R.H.'s Amended Responses & Objections to Defendant Howe's Interrogatories, No. 2, 3, 4; Exhibit "B" – Plaintiffs' Amended Responses & Objections to Defendant Howe's First Request for Production No. 1, 2, 3, 20, 30, 31, 32, 33, 34, 35, 37, 38, 39; Exhibit "C" – Plaintiff K.H.'s Amended Response & Objections to Defendant Howe's Interrogatories, No. 4.

insists that such discovery is appropriate.[2] Plaintiffs have made their objections and now seek a protective order form this Court to stop this wholesale rummaging through the private lives of the Plaintiffs.

## BACKGROUND

2. Defendant Howe sexually assaulted R.H., a minor. Defendant Howe assaulted R.H. while working as a counselor at a summer camp for boys, Camp Stewart, in June 2013. Years later, R.H. finally acknowledged the trauma of this experience and was diagnosed with PTSD. Plaintiff S.H. and K.H. on behalf of R.H., a minor, bring this suit against Defendant Howe for R.H.'s injuries.

## DISCOVERY AT ISSUE

3. In discovery, Defendant Howe now seeks intimate, personal, and private information about not only R.H. but also S.H. and K.H. – alleging that this is somehow relevant to Defendant Howe's defense.

- Defendant Howe's interrogatories ask R.H. to disclose every romantic relationship, every date, and every sexual encounter he has ever had.[3]

- Defendant Howe's requests for production go so far as to ask R.H. to provide documents evidencing any sexual encounter he has ever had.[4]

- Defendant Howe's requests for production and interrogatories go further in seeking divorce records for S.H. and K.H., unsubstantiated instances of physical violence, and itemizations of and documents relating to any time law enforcement may have been contacted by the Plaintiffs.[5]

---

[2] Conference on this matter did not result in any limit placed on these discovery requests.
[3] Exhibit "A" – No. 2, 3, and 4.
[4] Exhibit "B" – No. 20, 30.
[5] Exhibit "B" – No. 1, 2, 3, 31, 32, 33, 34, 35, 37, 38, 39; Exhibit "C" – No. 4.

## ARGUMENT & AUTHORITIES

4. Fed. R. Civ. P. 26(c) grants this Court authority to stop the discovery in which Defendant Howe is engaged.[6]

5. Pertaining to R.H.'s sexual history and documents related to it, R.H.'s sexual history is inadmissible at trial.[7]

6. In discovery, inquire into sexual history must be calculated to lead to discoverable evidence, and the probative value of that evidence must substantially outweigh the violation of Plaintiff's privacy.[8] In determining whether discovery of this nature is appropriate, the Court must consider Fed. R. Evid. 412.[9] This rule of evidence protects sexual assault victims from "the invasion of privacy, potential embarrassment and sexual stereotyping" that comes from discovery of this type of information.[10] Sexual history of a plaintiff is routinely inadmissible as well as not discoverable.[11]

7. In this case, prior dates, romantic relationships, and sexual encounters, including documents are not discoverable. Notably, in *Ratts v. Board of County Commissioners*, a sexual harassment case, the District Court found that counsel, in deposition, could not inquire as to "names of the people...that you have had a consensual sexual relationship" or "consensual physical contact."[12] In a substantially similar case, this Court, the Western District of Texas, has held that an assailant could not discover information pertaining to a victim's "boyfriends and

---

[6] Fed. R. Civ. P. 26(c)(1)(A).
[7] Fed. R. Evid. 412.
[8] *Gill v. Turner Indus. Group, L.L.C.*, CV 07-265-RET-DLD, 2008 WL 11417760, at *2 (M.D. La. Mar. 14, 2008) (citing *Ratts v. Board of County Commissioners*, 189 F.R.D. 448 (D. Kan. 1999)).
[9] *Id.*
[10] *Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000).
[11] *Cerda v. Billingsley*, 2012 WL 13034163, at *2 (W.D. Tex. Jan. 3, 2012); *Gill v. Turner Indus. Group, L.L.C.*, 2008 WL 11417760, at *2 (M.D. La. Mar. 14, 2008).
[12] *Ratts v. Bd. of County Com'rs*, 189 F.R.D. 448, 454 (D. Kan. 1999).

girlfriends."[13] Defendant Howe fails to establish how inquiry into R.H.'s intimate life is relevant or will lead to the discovery of admissible evidence.[14] Moreover, disclosure of such information would cause R.H. the very embarrassment, harassment, and distress sought to be protected by Fed. R. Evid. 412 and Fed. R. Civ. P. 26(c). R.H. possesses good cause for the issuance of a protective order.

8. Therefore, Plaintiffs ask the Court to enter a protective order foreclosing inquiry into R.H.'s sexual history, including the production of documents.

9. As to Defendant Howe's requests for production and interrogatories as to prior divorce records, unsubstantiated instances of physical violence, and itemizations of and documents relating to any time law enforcement may have been contacted by the Plaintiffs, such discovery is a wholesale rummaging through the Plaintiffs' private lives. At the outset, it is important to remember that S.H. and K.H. are "as next friend" and do not make individual claims for damages. Therefore, the scope of discovery pertaining to them should be appropriately limited.[15] Moreover, to establish the good cause needed for the entry of a protective order, only "a sound basis or legitimate need" is required.[16] A protective order may issue to prevent a party annoyance, embarrassment, or oppression.[17] Several factors that the Court may consider in evaluating whether to issue a protective order are:

> (1) whether disclosure will violate any privacy interests;
>
> (2) whether the information is being sought for a legitimate purpose or for an improper purpose;

---

[13] *W.L. as Next Friend of W.L. v. Zirus*, 2020 WL 836520, at *2 (W.D. Tex. Feb. 20, 2020).
[14] *Gill*, 2008 WL 11417760, at *2 (finding the relevance of sexual history is tied to the specific facts of the case, and conduct unrelated to the facts is not discoverable).
[15] Fed. R. Civ. P. 26(b)(1) stating that discovery must be relevant to a party's claim or defense. Here, S.H. and K.H. make no individual claims for damages.
[16] *Galvan v. AT&T Pension Benefit Plan*, 2008 WL 11405939, at *1 (W.D. Tex. Jan. 17, 2008) (citing *Landry v. Airline Pilots Ass'n Int'l, AFL–CIO*, 901 F.2d 404, 435–436 (5th Cir. 1990)).
[17] Fed. R. Civ. P. 26(c).

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public health and safety;

(5) whether the sharing of information among litigants will promote fairness and efficiency;

(6) whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) whether the case involves issues important to the public.[18]

10.     In this case, all the factors militate in favor of a protective order. Divorce and police records are private and subject to numerous protections against disclosure.[19] Further, Defendant Howe fails to establish how the information he seeks pertaining to police records, divorce records, or unsubstantiated claims of physical violence are for any purpose other than to invade the privacy of the Plaintiffs and rummage through their past. Discovery of information about S.H. and K.H.'s marriage violates their interest in marital privacy.[20] Moreover, Plaintiffs have not made any of the information which Defendant Howe seeks widely public or part of public discourse.[21] Further, disclosure of police records, especially those of juveniles, are protected for privacy by the laws of the State of Texas.[22] Thus, the information requested by Defendant Howe is intensively private by nature and of the kind to cause embarrassment if publicly disclosed. Additionally, confidentiality is not sought over information important to public health or safety, no issues of efficiency have

---

[18] *Fifield v. Schindler Enterprises, Inc.*, SA-14-CA-574-FB, 2015 WL 11661758, at *2–3 (W.D. Tex. May 28, 2015).
[19] *See, e.g.*, Tex. Gov't Code §§ 552.101, 552.305.
[20] *Cf. Griswold v. Connecticut*, 381 U.S. 479, 483, 85 S. Ct. 1678, 1681, 14 L. Ed. 2d 510 (1965).
[21] *See, e.g., Gilbreath v. Guadalupe Valley Hosp. Found., Inc.*, 1992 WL 551409, at *6 (W.D. Tex. Oct. 9, 1992), aff'd sub nom. Gilbreath v. Guadalupe Hosp. Found. Inc., 5 F.3d 785 (5th Cir. 1993) (wherein public disclosure of information vitiated privacy interest).
[22] *See, e.g.*, Tex. Fam. Code § 58.004 (requiring de-identification of juvenile records), § 58.008 (controlling the disclosure of various juvenile records).

been raised, Plaintiffs are not public officials, and while, important, this case does not address matters of public concern.

11.     Thus, Plaintiffs have satisfied the required showing for good cause and ask the Court to enter an order protecting them from the discovery sought by Defendant Howe.

## CONCLUSION

12.     Plaintiffs seek a protective order from invasive discovery that seeks to expose their privacy and inappropriately explore Plaintiffs' personal life. Defendant Howe's requests for information as to R.H.'s sexual history is inadmissible at trial and not discoverable. Defendant Howe's request for information pertaining to police records, divorce records, and allegations of violence intrude on Plaintiffs' personal private, inappropriately examine their personal lives, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For good cause shown, Plaintiffs ask this Court for a protective order.

## PRAYER

13.     THUS, Plaintiffs ask the Court to order Defendant to desist in its discovery and bar future inquiry into the areas describe in this *Motion* pursuant to Fed. R. Civ. P. 26(c). Plaintiffs further pray for all further relief, general and special, at law and inequity, to which they show themselves entitled.

Respectfully submitted,

**SAWICKI LAW**

*/s/ Andrew A. Jones*
_____

**MICHAEL G. SAWICKI**
State Bar of Texas No. 17692500
msawicki@sawickilawfirm.com
**ANDREW A. JONES**
State Bar of Texas No. 24077910
ajones@sawickilawfirm.com
6116 N. Central Expressway, Ste. 1400
Dallas, Texas 75206
(214) 468-8844
(214) 468-8845 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On March 24, 2021, counsel for the Plaintiffs and Defendant Howe conferred on the substantive issues raised in this motion and in discovery. The parties were not able to reach an agreement.

*/s/ Andrew A. Jones*
_____
**ANDREW A. JONES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been delivered via U.S. Postal Service, certified mail/ return receipt requested, email, e-service, EM-ECF, hand delivery, and/or facsimile to all Counsel on this 26th day of March 2021.

*/s/ Andrew A. Jones*
_____
**ANDREW A. JONES**