# EXHIBIT "B"

IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| K.H. AND S.H., AS NEXT FRIENDS | § | |
| OF R.H., A MINOR, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | NO. 5-19-CV-01412-JKP |
| | § | |
| GRAEME HOWE; CAMP STEWART FOR | § | |
| BOYS, INC.; AND AMERICAN INSTITUTE | § | |
| FOR FOREIGN STUDY, INC. D/B/A | § | |
| CAMP AMERICA | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF K.H. AND S.H., AS NEXT FRIENDS OF R.H., A MINOR'S AMENDED OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION FROM DEFENDANT GRAEME HOWE**

TO:   Graeme Howe, by and through his attorneys of record, C. Dunham Biles, Daniel J. Madden, K. Patrick Babb, Fox Rothschild LLP, Sant Ann Court, 2501 N. Harwood St., Ste 1800, Dallas, Texas 75201.

COME NOW, Plaintiffs K.H. and S.H., as Next Friends of R.H., a Minor, and serve their Amended Objections and Responses to First Request for Production from Defendant Graeme Howe.

Respectfully submitted,

**SAWICKI LAW**

*/s/ Andrew A. Jones*
_____
**MICHAEL G. SAWICKI**
State Bar No. 17692500
msawicki@sawickilawfirm.com
**ANDREW A. JONES**
State Bar of No. 24077910
ajones@sawickilawfirm.com
6116 N. Central Expressway, Ste. 1400
Dallas, Texas 75206
(214) 468-8844
(214) 468-8845 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the above and foregoing has been delivered via e-mail, U.S. Postal Service, certified mail/ return receipt requested, hand delivery and/or facsimile to all counsel on this 26th day of March, 2021.

*/s/ Andrew A. Jones*
_____
**ANDREW A. JONES**

_____
**PLAINTIFF K.H. AND S.H., AS NEXT FRIENDS**
**OF R.H., A MINOR'S AMENDED OBJECTIONS AND RESPONSES**
**TO FIRST REQUEST FOR PRODUCTION**
**FROM DEFENDANT GRAEME HOWE**                                          **PAGE 2 OF 22**

**PLAINTIFF K.H. AND S.H., AS NEXT FRIENDS OF R.H., A MINOR'S AMENDED OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION FROM DEFENDANT GRAEME HOWE**

**DEFINITIONS/ INSTRUCTIONS:**  *Plaintiffs object to the instructions and definitions as overly broad.*

**REQUEST FOR PRODUCTION NO. 1:** Any documents that reflect the pleadings, or other items filed with or submitted to the Court, from any divorce proceeding to which any of Plaintiffs have been a party since the birth of R.H. including, but not limited to, S    H         v. K H        , DF-        and S    H         v. K    H        , DF-        .

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as seeking information which is available more conveniently and with less burden from other sources, if any. Plaintiffs object to this Request as violative of Fed. R. Evid. 404 and 608.*

**REQUEST FOR PRODUCTION NO. 2:** Any documents that reflect the written discovery requests, responses, or production in connection with any divorce proceeding to which any of Plaintiffs have been a party since the birth of R.H. including, but not limited to, S    H       v. K    H        , DF        and S    H         v. K    H        , DF-

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404 and 608. Plaintiffs assert the attorney-*

*client privilege and attorney work-product privilege. See, e.g., Swidler & Berlin v. U.S., 524 U.S. 399, 407 (1998).*

**REQUEST FOR PRODUCTION NO. 3:** Any documents that reflect the transcripts of depositions taken in connection with any divorce proceeding to which any of Plaintiffs have been a party since the birth of R.H. including, but not limited to, S⎯⎯⎯ H⎯⎯⎯ v. K⎯ H⎯ DF-11-13579 and S⎯⎯⎯ H⎯⎯⎯ v. K⎯ H⎯⎯⎯, DF⎯⎯⎯.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this request as violative of Fed. R. Evid. 404 and 608.*

**REQUEST FOR PRODUCTION NO. 4:** All documents which constitute or reflect communications, whether written or oral, between Plaintiffs jointly or severally, and any doctors, counselors, therapists, or other certified or licensed care provider, concerning Plaintiffs' interactions with any of the Defendants in this lawsuit, including but not limited to the alleged abuse forming the basis of this lawsuit.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad, exceeding the scope of permissible discovery and seeking information which is not proportional to the needs of this case. Plaintiffs object to this Request as vague and ambiguous as to "interactions with any of the Defendants." Plaintiffs object to this Request as duplicative of Fed. R. Civ. P. 26 disclosures.*

*Plaintiffs in all instances intends to preserve and does claim the attorney-client and work-product privileges herein. No disclosure will be made that is subject to a claim of privilege or work product. Defendant stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client or attorney work-product materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client and attorney work-product privilege in response to this Request for Production.*

*Subject to and without waiving said objections, please see R⎯⎯⎯'s medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), emails between S⎯⎯⎯ and Gregg Medlyn (RH002227-002229), and all depositions taken in this matter, all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 5:** All documents which constitute or reflect communications, whether written or oral, between Plaintiffs jointly or severally, and any law enforcement representatives, concerning Plaintiffs' interactions with any of the Defendants in this lawsuit, including but not limited to the alleged abuse forming the basis of this lawsuit.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and properly limited in time and scope. Plaintiffs object to this Request as vague and ambiguous as to "interactions with any of the Defendants." Plaintiffs object to this Request as duplicative of Fed. R. Civ. P. 26 disclosures.*

*Plaintiffs assert the attorney-work product privilege, and documents subject to said privilege are withheld. See Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947); Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 875 (5th Cir. 1991); Doe 1 v. Baylor Univ., 335 F.R.D. 476, 487 (W.D. Tex. 2020); United States ex rel. Univ. Loft Co. v. AGS Enterprises, Inc., 2016 WL 9462335, at \*8 (W.D. Tex. June 29, 2016); Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 272 F.R.D. 124, 125 (S.D.N.Y. 2011); Gerber v. Down E. Cmty. Hosp., 266 F.R.D. 29, 32-33 (D. Me. 2010); S.E.C. v. Brady, 238 F.R.D. 429, 442 (N.D. Tex. 2006); Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582, 585 (S.D. Tex. 1996); Fed. R. Civ. P. 26(b)(3).*

*For further details please see Plaintiffs' attached privilege log.*

*Subject to and without waiving said objections, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), all of which are incorporated herein by reference*

**REQUEST FOR PRODUCTION NO. 6:** All social media entries, online reviews, personal journals, diaries, sketches, and/or notes prepared by Plaintiffs, jointly or severally, which in any way refer or relate to Plaintiffs' experience with any of the Defendants, this lawsuit, and/or Plaintiffs' alleged injuries or damages in this lawsuit.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case.*

*Plaintiffs in all instances intends to preserve and does claim the attorney-client privilege herein. No disclosure will be made that is subject to a claim of privilege. Defendant*

*stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client privilege in response to this Request for Production.*

*Subject to and without waiving said objections, please see records from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S_____ (RH002054-002056).*

**REQUEST FOR PRODUCTION NO. 7:** All photographs, slides, films, videotapes, negatives or other visual representations that refer or relate to Plaintiffs' experience with any of the Defendants, this lawsuit, and/or Plaintiffs' alleged damages in this lawsuit.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Plaintiffs' personal privacy. Plaintiff objects to this Request as violative of Fed. R. Civ. P. 26(b)(3)(A) and 26(b)(4)(D).*

*Subject to and without waiving said objections, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), photo of R_____ and Graeme Howe 2013 Summer of incident (RH002058), photo of Facetime of R_____ and S_____ at Camp Stewart 2018 day of outcry (RH002057), photo of R_____s (RH001869), and all depositions taken in this matter, all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents, records, and invoices that refer or relate to Plaintiff's alleged injuries or damages as asserted in this lawsuit.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in scope. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Plaintiffs object to this Request as duplicative of Plaintiffs' Fed. R. Civ. P. 26 disclosures.*

*Subject to and without waiving said objections, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), R_____'s medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), emails between S_____ and Gregg Medlyn (RH002227-002229), academic records from Highland Park ISD (RH002060-002186), emails between Kathy Ragsdale and S_____ (RH002054-002056),*

_____

PLAINTIFF K.H. AND S.H., AS NEXT FRIENDS
OF R.H., A MINOR'S AMENDED OBJECTIONS AND RESPONSES
TO FIRST REQUEST FOR PRODUCTION
FROM DEFENDANT GRAEME HOWE                                    PAGE 6 OF 22

*deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 9:** All written or recorded statements (including transcriptions thereof) made by any agent, employee, or representative of any of the parties to this lawsuit.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad. Plaintiff objects to this Request as violative of Fed. R. Civ. P. 26(b)(3) and 26(b)(4).*

*Plaintiffs in all instances intends to preserve and does claim the attorney-client privilege herein. No disclosure will be made that is subject to a claim of privilege or work product. Defendant stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client privilege in response to this Request for Production.*

*Plaintiffs assert the attorney-work product privilege pertaining to communications with law enforcement (see Response to Request for Production No. 5), and documents subject to said privilege are withheld. See Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947); Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 875 (5th Cir. 1991); Doe 1 v. Baylor Univ., 335 F.R.D. 476, 487 (W.D. Tex. 2020); United States ex rel. Univ. Loft Co. v. AGS Enterprises, Inc., 2016 WL 9462335, at \*8 (W.D. Tex. June 29, 2016); Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 272 F.R.D. 124, 125 (S.D.N.Y. 2011); Gerber v. Down E. Cmty. Hosp., 266 F.R.D. 29, 32-33 (D. Me. 2010); S.E.C. v. Brady, 238 F.R.D. 429, 442 (N.D. Tex. 2006); Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582, 585 (S.D. Tex. 1996); Fed. R. Civ. P. 26(b)(3).*

*For further details please see Plaintiffs' attached privilege log.*

*Subject to and without waiving said objections, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S        (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*

---

**REQUEST FOR PRODUCTION NO. 10:** All documents which constitute or reflect communications, whether written or oral, between you and any third party concerning this lawsuit, or any of the Defendants in this lawsuit.

> **RESPONSE:**
>
> *Plaintiffs object to this Request as overly broad. Plaintiffs assert the attorney-client and attorney work-product privilege. Plaintiff objects to this Request as violative of Fed. R. Civ. P. 26(b)(3) and 26(b)(4). Plaintiffs object to this Request as a "fishing expedition."*
>
> *Plaintiffs in all instances intends to preserve and does claim the attorney-client and work-product privileges herein. No disclosure will be made that is subject to a claim of privilege or work product. Defendant stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client or attorney work-product materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client and attorney work-product privilege in response to this Request for Production.*
>
> *Subject to and without waiving said objection, please see R      's medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S      (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*
>
> *Please also see Plaintiffs' Response to Defendants Request for Production No. 4 and 5.*

**REQUEST FOR PRODUCTION NO. 11:** All settlement papers or agreements entered into by you and any party or third person that pertains to the subject of this lawsuit.

> **RESPONSE:**
>
> *None.*

**REQUEST FOR PRODUCTION NO. 12:** All documents constituting summaries or calculations of the contents of voluminous writings, recordings, or photographs which cannot be conveniently examined in Court and which constitute evidence you may offer at trial.

> **RESPONSE:**
>
> *Plaintiffs object to this Request as violative of Fed. R. Civ. P. 26(a)(2), (a)(3), (b)(3), and (b)(4). Plaintiffs assert the attorney work-product and the attorney-client privilege.*
>
> *Subject to and without waiving said objections, Plaintiffs will comply with the Fed. R. Civ. P. and the Court's scheduling order for the disclosure of trial exhibits.*

**REQUEST FOR PRODUCTION NO. 13:** All documents which constitute or reflect communications, whether written or oral, between Plaintiffs jointly or severally, and any faculty or staff from R.H.'s school(s), concerning Plaintiffs' interactions with any of the Defendants in this lawsuit, including but not limited to the alleged abuse forming the basis of this lawsuit.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition."*

*Subject to and without waiving said objections, please see R       's academic records from Highland Park ISD (RH002060-002186) and 504 records from Highland Park ISD 002230-002313), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 14:** All documents which constitute or reflect communications, whether written or oral, between Plaintiffs jointly or severally, and any faculty or staff from R.H.'s school(s), concerning R.H.'s performance, engagement, physical health, or mental health, since Kindergarten to the present.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition."*

*Subject to and without waiving said objections, please see R       's academic records from Highland Park ISD (RH002060-002186) and 504 records from Highland Park ISD 002230-002313), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 15:** All documents which constitute or reflect communications, whether written or oral, between Plaintiffs jointly or severally, and any coach, instructor, trainer, or leader from Plaintiff R.H.'s extracurricular activities, concerning R.H.'s performance, engagement, physical health, or mental health, since Kindergarten to the present.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition."*

*Subject to and without waiving said objections, please see R    's academic records from Highland Park ISD (RH002060-002186), and 504 records from Highland Park ISD 002230-002313), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 16:** Any and all recordings, whether written, oral, or video, of any discussion Plaintiffs' counsel, or anyone acting on their behalf, has had with Graeme Howe since 2018.

**RESPONSE:**

*Plaintiffs object to this Request as not properly limited in time and scope. Plaintiffs assert the attorney work-product privilege. Plaintiffs object to this Request as a fishing expedition.*

*Plaintiffs assert the attorney-work product privilege, and documents subject to said privilege are withheld. See Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947); Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 875 (5th Cir. 1991); Doe 1 v. Baylor Univ., 335 F.R.D. 476, 487 (W.D. Tex. 2020); United States ex rel. Univ. Loft Co. v. AGS Enterprises, Inc., 2016 WL 9462335, at *8 (W.D. Tex. June 29, 2016); Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 272 F.R.D. 124, 125 (S.D.N.Y. 2011); Gerber v. Down E. Cmty. Hosp., 266 F.R.D. 29, 32-33 (D. Me. 2010); S.E.C. v. Brady, 238 F.R.D. 429, 442 (N.D. Tex. 2006); Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582, 585 (S.D. Tex. 1996); Fed. R. Civ. P. 26(b)(3).*

*For further details please see Plaintiffs' attached privilege log.*

*Subject to and without waiving said objections, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868).*

---

*Subject to and without waiving said objections, Plaintiffs do not possess any video, audio, or stenographic recording of any conversation with Defendant Howe.*

**REQUEST FOR PRODUCTION NO. 17:** Any and all notes, whether written, oral, or video, related to any discussion Plaintiffs' counsel, or someone acting on their behalf, has had with Graeme Howe since 2018.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and seeking information which is irrelevant and not proportional to the needs of this case. Plaintiffs object to this Request as a fishing expedition.*

*Plaintiffs assert the attorney-work product privilege, and documents subject to said privilege are withheld. See Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947); Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 875 (5th Cir. 1991); Doe 1 v. Baylor Univ., 335 F.R.D. 476, 487 (W.D. Tex. 2020); United States ex rel. Univ. Loft Co. v. AGS Enterprises, Inc., 2016 WL 9462335, at *8 (W.D. Tex. June 29, 2016); Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 272 F.R.D. 124, 125 (S.D.N.Y. 2011); Gerber v. Down E. Cmty. Hosp., 266 F.R.D. 29, 32-33 (D. Me. 2010); S.E.C. v. Brady, 238 F.R.D. 429, 442 (N.D. Tex. 2006); Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582, 585 (S.D. Tex. 1996); Fed. R. Civ. P. 26(b)(3).*

*For further details please see Plaintiffs' attached privilege log.*

**REQUEST FOR PRODUCTION NO. 18:** All documents which constitute, refer, reflect, relates to, or are based in any part on, communications, whether written or oral, by or on behalf of Plaintiffs jointly or severally with Graeme Howe since June 2011, including, but not limited to, the communications between Plaintiffs' counsel and Graeme Howe referenced in the e-mail produced by Plaintiffs designated as RH001745.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and seeking information which is irrelevant and not proportional to the needs of this case. Plaintiffs object to this Request as a fishing expedition. Plaintiffs object to this Request as unduly burdensome and harassing,*

*Plaintiffs assert the attorney-work product privilege, and documents subject to said privilege are withheld. See Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947); Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 875 (5th Cir. 1991); Doe 1 v. Baylor Univ., 335 F.R.D. 476, 487 (W.D. Tex. 2020); United States ex rel. Univ. Loft Co. v. AGS Enterprises, Inc., 2016 WL 9462335, at *8 (W.D. Tex. June 29, 2016); Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 272 F.R.D.*

*124, 125 (S.D.N.Y. 2011); Gerber v. Down E. Cmty. Hosp., 266 F.R.D. 29, 32-33 (D. Me. 2010); S.E.C. v. Brady, 238 F.R.D. 429, 442 (N.D. Tex. 2006); Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582, 585 (S.D. Tex. 1996); Fed. R. Civ. P. 26(b)(3).*

*For further details please see Plaintiffs' attached privilege log.*

*Subject to and without waiving said objections or assertions of privilege, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868).*

**REQUEST FOR PRODUCTION NO. 19:** All documents which constitute or reflect communications, whether written or oral, by or on behalf of Plaintiffs jointly or severally with Camp Stewart since 2013.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited time. Plaintiffs object to this Request as seeking information which is irrelevant and not proportional to the needs of this case. Plaintiffs object to this Request as duplicative of other disclosures and discovery performed in this case.*

    *Subject to and without waiving said objection, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S_____ (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*

    *Documents potentially responsive to this Request are being withheld based on the preceding objections.*

**REQUEST FOR PRODUCTION NO. 20:** Any documents that refer to or reflect any sexual encounters involving R.H.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404 and 412.*

    *Subject to and without waiving said objection, please see R_____'s medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), records and videos from Kerr*

*County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S      (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 21:** Any documents that reference Graeme Howe.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in scope. Plaintiffs object to this Request as a fishing expedition. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as unduly burdensome and harassing.*

*Plaintiffs in all instances intends to preserve and does claim the attorney-client and work-product privileges herein. No disclosure will be made that is subject to a claim of privilege or work product. Defendant stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client or attorney work-product materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client and attorney work-product privilege in response to this Request for Production.*

*Please also see Plaintiffs' Response to Defendant's Request for Production No. 5, 16, 17, and 18.*

*Subject to and without waiving said objection, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), R      's medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), emails between S and Gregg Medlyn (RH002227-002229), academic records from Highland Park ISD (RH002060-002186), emails between Kathy Ragsdale and S      (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 22:** Any documents that reference R.H. being abused or otherwise physically or mentally harmed while at Camp Stewart.

   **RESPONSE:**

   *Plaintiffs object to this Request as overly broad and not properly limited in scope. Plaintiffs object to this Request as a fishing expedition. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1).*

   *Plaintiffs in all instances intends to preserve and does claim the attorney-client and work-product privileges herein. No disclosure will be made that is subject to a claim of privilege or work product. Defendant stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client or attorney work-product materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client and attorney work-product privilege in response to this Request for Production.*

   *Subject to and without waiving said objection, please see R      's medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), emails between S        and Gregg Medlyn (RH002227-002229), academic records from Highland Park ISD (RH002060-002186), records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S        (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, photo of R      and Graeme Howe 2013 Summer of incident (RH002058), photo of Facetime of R      and S       at Camp Stewart 2018 day of outcry (RH002057), and photo of R (RH001869), all of which are incorporated herein by reference.*


**REQUEST FOR PRODUCTION NO. 23:** Any documents that reference R.H. leaving Camp Stewart in 2018, or the reasons therefore.

   **RESPONSE:**

   *Plaintiffs object to this Request as overly broad and not properly limited in scope. Plaintiffs object to this Request as a fishing expedition. Plaintiffs assert the attorney-client privilege. Plaintiffs object to this Request as seeking information which is irrelevant and not proportional to the needs of this case.*

   *Plaintiffs in all instances intends to preserve and does claim the attorney-client and work-product privileges herein. No disclosure will be made that is subject to a claim of privilege or work product. Defendant stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client or attorney work-product materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client and attorney work-product privilege in response to this Request for Production.*

*Subject to and without waiving said objection, please see R____'s medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S____ (RH002054-002056), photo of Facetime of R____ and S____ at Camp Stewart 2018 day of outcry (RH002057), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 24:** Any documents that reference R.H. returning to Camp Stewart in 2018, or the reasons therefore.

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in scope. Plaintiffs object to this Request as a fishing expedition. Plaintiffs assert the attorney-client privilege. Plaintiffs object to this Request as seeking information which is irrelevant and not proportional to the needs of this case.*

*Plaintiffs in all instances intends to preserve and does claim the attorney-client and work-product privileges herein. No disclosure will be made that is subject to a claim of privilege or work product. Defendant stipulated in conference on March 24, 2021 that Defendant does not seek attorney-client or attorney work-product materials, and Plaintiffs' response is made on this stipulation. Plaintiffs reserve the right to continue to assert attorney-client and attorney work-product privilege in response to this Request for Production.*

*Subject to and without waiving said objection, please see R____'s medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S____ (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, photo of Facetime of R____ and S____ at Camp Stewart 2018 day of outcry (RH002057), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 25:** All documents identified in Plaintiffs' respective responses to all parties' discovery requests to Plaintiffs, jointly and severally.

**RESPONSE:**

*Please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), R____'s medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), emails between S____ and Gregg Medlyn (RH002227-002229), academic records from Highland Park ISD (RH002060-002186), emails between Kathy Ragsdale and S____ (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*

_____

**REQUEST FOR PRODUCTION NO. 26:** Any and all medical, psychiatric, psychological, counseling and/or therapy records related to any diagnoses or treatment for R.H's mental health, including all billing records for services provided after June 2011.

> **RESPONSE:**
>
> *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this request as a "fishing expedition."*
>
> *Subject to and without waiving said objection, R's medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), and all depositions taken in this matter, all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 27:** A copy of all documents you obtain, or have obtained, pursuant to any subpoena issued by you in this lawsuit.

> **RESPONSE:**
>
> *Plaintiffs object to this Request as unduly burdensome and unnecessarily duplicative. Plaintiffs object to this Request as seeking information which is available more conveniently and with less burden from other sources. Plaintiffs object to this Request as overly broad.*
>
> *Subject to and without waiving said objection, please see records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), R's medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), emails between S and Gregg Medlyn (RH002227-002220), academic records from Highland Park ISD (RH002060-002186), emails between Kathy Ragsdale and S (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 28:** All documents which constitute or reflect R.H.'s report cards, attendance, disciplinary actions, or nurse visits from Plaintiff R.H.'s school(s) since Kindergarten to the present.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition."*

    *Subject to and without waiving said objections, please see R    's academic records from Highland Park ISD (RH002060-002186), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 29:** Any documents that reference R.H. being abused or otherwise physically or mentally harmed.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this request as violative of Fed. R. Evid. 404 and 412. Plaintiffs object to this Request as ambiguous and multifarious.*

    *Subject to and without waiving said objection, please see R    's medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S    (RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, photo of Facetime of R    and S    at Camp Stewart 2018 day of outcry (RH002057), photo of R    (RH001869), and 504 records from Highland Park ISD 002230-002313), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 30:** Any documents that reference any sexual encounter experienced by R.H.

    **RESPONSE:**

    *Plaintiffs object to this Request as unnecessarily duplicative of Defendant's Request for Production No. 20. Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404 and 412.*

    *Subject to and without waiving said objection, please see R*   *'s medical/billing records (RH001611-001635-001710, 001870-002050, 002187-002226), records and videos from Kerr County Sheriff's office (RH000001-001610, 001711-001868), emails between Kathy Ragsdale and S*   *(RH002054-002056), deposition of Kathy Ragsdale, and all depositions taken in this matter, photo of Facetime of R*   *and S*   *at Camp Stewart 2018 day of outcry (RH002057), and photo of R*   *(RH001869), all of which are incorporated herein by reference.*

**REQUEST FOR PRODUCTION NO. 31:** Any documents that reference or relate to any instance in which authorities, including but not limited to police, were contacted due to an instance of physical violence between K.H., S.H., and/or R.H. including but not limited to the instance in April 2019 when police were called after S.H. hit R.H. and R.H. hit K.H.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this request as violative of Fed. R. Evid. 404.*

**REQUEST FOR PRODUCTION NO. 32:** Any documents that reference or relate to any instance in which R.H., S.H., or K.H. contacted authorities, including but not limited to police, from 2010 to the present.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this request as violative of Fed. R. Evid. 404.*

    *Documents potentially responsive to this Request are being withheld based on the preceding objections.*

**REQUEST FOR PRODUCTION NO. 33:** Any documents that reference or relate to any instance of physical violence by K.H. and/or S.H. against R.H.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this request as violative of Fed. R. Evid. 404.*

**REQUEST FOR PRODUCTION NO. 34:** Any documents that reference or relate to any instance of physical violence by R.H. against K.H. and/or S.H.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R.*

*Civ. P. 26(b)(1). Plaintiffs object to this request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404.*

**REQUEST FOR PRODUCTION NO. 35:** Any documents that reference or relate to any instance of physical violence between K.H. and/or S.H. since the birth of R.H.

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404.*

**REQUEST FOR PRODUCTION NO. 36:** Any documents that reference or relate to any incident at R.H.'s school involving contact with other boys in the genital area as noted in the Progress Notes disclosed by Plaintiffs and designated RH001937.



RH001937

    **RESPONSE:**

    *Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404 and 412.*

---

**REQUEST FOR PRODUCTION NO. 37:** All documents which constitute or reflect communications, whether written or oral, between Plaintiffs jointly or severally, to any mental health professional or other court appointed expert taken in connection with any divorce proceeding to which any of Plaintiffs have been a party since the birth of R.H. including, but not limited to, S     H        v. K     H        , DF-          and S     H        v. K H        , DF-        .

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this Request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404 and 608. Plaintiffs assert the psychotherapist-patient privilege. Jaffee v. Redmond, 519 U.S. 1, 8-9 (1996).*

**REQUEST FOR PRODUCTION NO. 38:** Copies of any custody evaluation or other written report(s) prepared by an expert related to conservatorship of, possession of or access to a minor child in connection with any divorce proceeding to which any of Plaintiffs have been a party since the birth of R.H. including, but not limited to, S     H        v. K     H        , DF and S     i H        v. K     H        , DF-        .

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this request as a "fishing expedition."*

**REQUEST FOR PRODUCTION NO. 39:** All Rule 11 agreements entered into but not filed with the court concerning or related to conservatorship of, possession or access to a minor child in connection with any divorce proceeding to which any of Plaintiffs have been a party since the birth of R.H. including, but not limited to, S     H      v. K     H          DF          and S H        v. K     H        , DF-        .

**RESPONSE:**

*Plaintiffs object to this Request as overly broad and not properly limited in time and scope. Plaintiffs object to this Request as harassing and a violation of Plaintiffs' personal privacy. Plaintiffs object to this Request as seeking information which is irrelevant and not*

---

*reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as not proportional to the needs of this case and outside the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs object to this request as a "fishing expedition." Plaintiffs object to this Request as violative of Fed. R. Evid. 404 and 608.*